IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALTON VALE, # M4045                                                                                          PETITIONER

VS.                                                                           CIVIL ACTION NO.  2:13cv302-CWR-FKB

CLARKE COUNTY CIRCUIT COURT, ET AL.                                            RESPONDENTS

REPORT AND RECOMMENDATION

This matter is before the Court on the Respondents' Motion to Dismiss [9] filed pursuant to 28 U.S.C. § 2244(d), or, alternatively, pursuant to 28 U.S.C. § 2254(b).  The Petitioner has not responded.  For the reasons explained below, the Motion to Dismiss is **granted**.

APPLICABLE STANDARDS

Before diving into the procedural facts underlying this case, a review of the relevant statute is in order.  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

>   (D) the date on which the factual predicate of the claim or claims
>   presented could have been discovered through the exercise of due
>   diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or
>   other collateral review with respect to the pertinent judgment or claim is pending
>   shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Thus, the AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Vale filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. With these standards in mind, a review of procedural facts will aid in the consideration of this case.

## FACTS AND PROCEDURAL HISTORY

Indicted by a Clarke County Grand Jury in five felony cases, Vale pleaded guilty to two separate charges of armed robbery and possession of a cell phone by offender in the Circuit Court of Clarke County, Mississippi, on November 30, 2010.[1] [1] at 38-39. In sum, the Circuit Court sentenced Vale to twenty-five (25) years with fifteen (15) years suspended on the armed robbery charge and to three (3) years on the possession of a cell phone by offender charge.[2] The

---

[1] As a part of a plea agreement, the Circuit Court entered Orders of *Nolle Prosequi* in the remaining cases, and Vale submitted his Petition to Enter Plea of Guilty in Cause No. 2010-46 (Count IV)(armed robbery) and Cause No. 2010-95 (possession of a cell phone by offender). [1] at 39.

[2] In the first charge, Cause No. 2010-46 (Count IV), Vale pleaded guilty to the felony offense of Armed Robbery based on events that occurred December 1, 2009. Specifically, the Circuit Court sentenced Vale to a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections ("MDOC"), with fifteen (15) years suspended, ten (10) years to serve, five (5) years of reporting post-release supervision, and five (5) years of non-reporting post-release supervision. [1] at 39. As a part of the sentencing order, the Circuit Court also gave Vale credit for six hundred twenty-two (622) days he served in pretrial incarceration during parts of 2009 and 2010. *Id.* at 21, 39.

In the second charge, Cause No. 2010-95, Vale pleaded guilty to the felony offense of

Circuit Court ordered that the sentence on the possession of a cell phone by offender charge be run concurrent to the sentence on the armed robbery charge. [9-1] at 2.

As stated in footnote 2, the Circuit Court gave Vale credit for time served. In this habeas action, Vale does not dispute the sentencing order entered by the Circuit Court. Instead he disputes the manner in which the Mississippi Department of Corrections ("MDOC") has determined and considered his time-served credit in computing his release date. For the reasons explained below, the Court will not address the merits of the petition.

## DISCUSSION

Vale's judgment of conviction became final on November 30, 2010, the date the Circuit Court entered its sentencing order.[3] Therefore, without the benefit of statutory tolling pursuant to § 2244(d), the federal statute of limitations for a habeas corpus petition attacking Vale's judgment of conviction expired on November 30, 2011. The State argues that Vale's petition is untimely because he failed to file an application for post-conviction relief by November 30, 2011, one year from the date his conviction became final with entry of the sentencing order by the Circuit Court. In addition, the State also asserts that the tolling exceptions of § 2244(d)(1)(B-D) are inapplicable to this case.

Vale has failed to file any response to these arguments. However, Vale is not attacking

---

Possession of a Cell Phone by Offender based on events that occurred May 17, 2010. [1] at 39; [9-1] at 2. In addition to sentencing Vale to three (3) years in the custody of the MDOC, the Circuit Court ordered him to pay a five hundred dollar ($500) fine and court costs. [9-1] at 2. The Circuit Court also awarded Vale pretrial credit, or time served, for one hundred ninety-eight (198) days he served from May 17, 2010, to November 30, 2010. *Id.*

[3]After July 1, 2008, there is no direct appeal upon entry of a guilty plea in Mississippi. Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So.3d 635 (Miss. Ct. App. 2010).

his judgment of conviction or his sentencing order in this action.  As stated above, he is attacking the MDOC's computation of his release date.  Therefore, it could be argued that § 2244(d)(1)(A) is not applicable and, instead, Vale's petition falls into the exception created by § 2244(d)(1)(D). Put another way, it could be argued that the statute of limitations for this action attacking the sentence computation runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The evidence in the record pointing to a specific § 2244(d)(1)(D) "due diligence" discovery date or supporting statutory tolling based on § 2244(d)(2) is sparse.  In his petition, Vale states that he was transferred to South Mississippi Correctional Institute on January 27, 2011, and he noticed problems with his sentence computation. [1] at 6.  Vale does not give a specific date on which he noticed the problems, but an Inmate Time Sheet with the disputed computations was printed on September 27, 2011. [1] at 25. Vale also argues that he filed a Motion for Clarification of Sentencing in the Circuit Court of Clarke County in March 2012, [1] at 10, and again on June 27, 2012. [1] at 12.  He presents a copy of a mail log to show that he mailed the motions to clarify his sentence to the Clarke County Clerk on March 22, 2012, and June 27, 2012. [1] at 34.  Nevertheless, in an April 4, 2013, Response to a Petition for Writ of Mandamus before the Mississippi Supreme Court, the Clarke County Circuit Court denied that Vale's Motion for Clarification was filed in the court. [1] at 37-41.  After considering this evidence of record, the Court has concluded that there is insufficient reliable evidence to determine the due diligence discovery date contemplated by § 2244(d)(1)(D) and whether Vale is entitled to any statutory tolling pursuant to § 2244(d)(2).  Thus, the Court declines to analyze

the timeliness of the petition pursuant to § 2244(d).

Alternatively, assuming that Vale's petition was timely filed, the State argues that this action should be dismissed for Vale's failure to exhaust his state remedies as required by 28 U.S.C. § 2254.[4]  As explained below, when the Court construes the petition as an attack upon his sentence computation by MDOC rather than the Clarke County Circuit Court's sentencing order, the Court concludes that the petition should be dismissed for Vale's failure to exhaust state court remedies.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.  *See Edwards v. Carpenter*, 120 S.Ct.

---

[4]Section 2254 provides, in relevant part, that:

(b)     (1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)    (i) there is an absence of available State corrective process; or
            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

     (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

     (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b-c)(1996).

1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

Petitioner has quite plainly not met this requirement. As the Mississippi Supreme Court stated in its May 1, 2013, Order dismissing without prejudice Vale's petition for writ of mandamus, the "circuit court has stated its willingness to rule on the outstanding motion" for clarification filed by Petitioner. [1] at 36. Petitioner also admits that he had not received a ruling from the Clarke County Circuit Court as of the filing of his Petition on July 31, 2013. [1] at 1. Moreover, the State argues that the Mississippi Supreme Court Clerk has no records of review of these claims by that court. Accordingly, because Petitioner has failed to exhaust his state court remedies regarding his sentence computation by MDOC, this petition should be dismissed without prejudice. See 28 U.S.C. § 2254(c).

## CONCLUSION

Accordingly, for the reasons stated above, the Respondent's Motion to Dismiss should be **granted**, and this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 13th day of May, 2014.

                                             /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE